IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTEN TEETERS,

      Plaintiff,                           No. CIV S-09-2997 DAD

     vs.

MICHAEL J. ASTRUE,                     ORDER
Commissioner of Social Security,

      Defendant.
_____/

        This case was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's motion is granted, and the decision of the Commissioner of Social Security (the Commissioner) is affirmed.

**PROCEDURAL BACKGROUND**

        On November 21, 2006, while residing in Nevada, plaintiff protectively filed applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act) and Supplemental Security Income (SSI) under Title XVI of the Act, alleging disability beginning April 15, 2006. (Transcript (Tr.) at 71-72, 130-42.) Plaintiff alleged that she suffered from bipolar disorder and explained that mood swings made it difficult for her to deal with

1

people and keep a job. (Tr. at 147.) Plaintiff's DIB and SSI applications were denied initially on April 30, 2007, and upon reconsideration on January 10, 2008. (Tr. at 80-83, 84, 88-90.) On March 5, 2008, plaintiff appointed a Las Vegas law firm to represent her and submitted a request for hearing before an Administrative Law Judge (ALJ). (Tr. at 91 & 97-98.) On May 6, 2008, plaintiff's Nevada counsel withdrew as her representatives because plaintiff had relocated to California. (Tr. at 93.) At the administrative hearing conducted on December 8, 2008 in Stockton, California, plaintiff appeared on her own behalf and declined the ALJ's offer to postpone the hearing so that plaintiff could seek representation by new counsel or a non-attorney representative. (Tr. at 40-41.) Plaintiff and her sister-in-law, Penelope Teeters, testified at the administrative hearing, as did a vocational expert. (Tr. at 37-70.) In a decision dated May 26, 2009, the ALJ found plaintiff not disabled from April 15, 2006 through the date of the decision. (Tr. at 29-36.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since April 15, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: depression, anxiety, personality disorder, and status post back surgery (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) as follows: could sit/stand/walk 6 out of 8 hours each with normal breaks; lift and/or carry a maximum of 20 pounds occasionally and 10 pounds frequently; could occasionally climb, balance, stoop, kneel, crouch or crawl but could never work around hazards; and, can work at jobs involving simple routine tasks with occasional public contact.

/////

>    6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
>    7. The claimant was born on July 12, 1954 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).
>
>    8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
>    9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>    10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).
>
>    11. The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2006 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. at 31-35.)

On June 2, 2009, plaintiff appointed present counsel to represent her, and counsel submitted a request for review of the ALJ's hearing decision on that date. (Tr. at 18 & 24.) On September 12, 2009, the Appeals Council denied the request for review, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. at 1-4.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 27, 2009.

Plaintiff's counsel has informed the court that he assisted plaintiff with the filing of a new application for SSI on October 28, 2009, and that plaintiff was subsequently awarded benefits under Title XVI effective October 28, 2009. (Pl.'s Mot. for Summ. J. (Doc. No. 15) at 7 & Ex. A.) Nonetheless, plaintiff asserts that the present action is not moot because issues remain with respect to her eligibility for Title II benefits and the onset date of disability. (Id.)

/////

/////

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff offers three arguments in support of her motion for summary judgment: (1) the ALJ failed to fully develop the record; (2) the ALJ's hearing decision did not include an exhibit list; and (3) the ALJ failed to fulfill his special duty to a claimant with mental impairments to ensure that all relevant evidence was included in the record before rendering a decision. The court finds that plaintiff's first and third arguments are related and therefore addresses those arguments together before turning to plaintiff's second argument.

**I. ALJ's Duty to Develop the Record**

Plaintiff argues that the ALJ did not do enough to ensure that she would receive a fair hearing in this case. In support of this argument, plaintiff asserts that (1) the record contains little if any evidence that plaintiff's Nevada counsel made a concerted effort to develop the record during the two months they were plaintiff's attorneys of record; (2) the ALJ was put on notice at the administrative hearing that plaintiff was seeing a psychiatrist; (3) the ALJ was put

on notice at the hearing that critical evidence was not part of the record when plaintiff advised the ALJ that her psychiatrist would not give her access to her own records but would respond to a request from the ALJ or the Social Security Administration for those records.

Plaintiff contends that the ALJ did not fulfill his duty to protect plaintiff's interests when he merely instructed plaintiff to obtain the psychiatrist's records and fax them to the hearing office with the proper bar code affixed, instead of issuing a subpoena for the psychiatrist's records. Plaintiff speculates that there may also be medical records related to her back problems that were not made part of the administrative record. In this regard, plaintiff admits that she brought some medical records with her to the hearing and that those records were apparently copied by the ALJ's staff for inclusion in the record, but she asserts in a conclusory manner that it is not clear whether those records fully developed the issues related to her back problems. Plaintiff argues that her multiple mental impairments, combined with her unrepresented status, heightened the ALJ's duty to ensure that relevant evidence was fully developed and fairly considered, and the ALJ failed to fulfill that duty. Plaintiff urges this court to remand the case for further development of the record and a new hearing.

Although it is the claimant's burden to prove that she is disabled, it is well established that the ALJ has an affirmative duty throughout the administrative proceeding to fully and fairly develop the record and to assure that the claimant's interests are considered. Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Rather than proceeding as a "mere umpire" at the administrative hearing, the ALJ must fulfill his independent duty to fully develop the record. Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992). When a claimant is not represented by counsel, the ALJ must be "especially diligent in exploring for all relevant facts." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's duty is also heightened in cases where the claimant has mental impairments and may not be able to protect her own interests. Id.; De Lorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

However, the ALJ's duty to develop the record is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). See Brown, 713 F.2d at 443. When confronted with ambiguous evidence or a record inadequate to permit proper evaluation of the evidence, it is the ALJ's duty to "conduct an appropriate inquiry." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). The ALJ can discharge this duty in various ways, such as (1) making a reasonable attempt to obtain additional medical evidence from the claimant's treating sources, (2) ordering a consultative examination where the medical evidence is incomplete or unclear, (3) subpoenaing the claimant's physicians or their records, (4) submitting questions to the claimant's physicians, (5) continuing the hearing, and (6) keeping the record open for supplementation. Tonapetyan, 242 F.3d at 1150; 20 C.F.R. §§ 404.1517 & 416.917; 42 U.S.C. § 423(d)(5)(A) & (B).

In order to demonstrate that an ALJ's decision should be set aside and the case remanded due to the ALJ's failure to fully develop the record in a case where the claimant is unrepresented or mentally impaired, the claimant must show that she suffered prejudice or unfairness in the administrative proceeding. Higbee, 975 F.2d at 561-62; Vidal v. Harris, 637 F.2d 710, 713 (9th Cir. 1981); Potts v. Astrue, No. CV 10-2781-JEM, 2011 WL 995856, at *4-5 (C.D. Cal. Mar. 17, 2011); Ramon v. Astrue, Civil No. 09cv2400-BEN (CAB), 2010 WL 5829547, at *11 (S.D. Cal. Dec. 30, 2010); Belcher v. Astrue, No. 1:09cv01234 DLB, 2010 WL 2353524, at *18-20 (E.D. Cal. June 9, 2010); McCormick v. Barnhart, No. C01-4489 MMC, 2004 WL 769386, at *13-14 (N.D. Cal. Apr. 6, 2004).

Here, plaintiff has not demonstrated that the ALJ was confronted with ambiguous evidence or that the record was inadequate to allow for proper evaluation of the evidence. Moreover, the ALJ offered to continue the hearing to enable plaintiff to find new counsel, supplemented the record with medical evidence plaintiff brought to the hearing, made a reasonable attempt to obtain additional medical evidence by directing plaintiff to inform her

psychiatrist the ALJ wanted her treatment records and, if she was unable to get the records, to call the hearing office for assistance, and kept the record open for supplementation.  Plaintiff does not assert that she contacted the hearing office for assistance as instructed, and the record reflects that she did submit her recent mental health records as well as a letter written by her sister-in-law.  (Tr. at 127-28 & 327-64.)

The court finds that plaintiff has failed to demonstrate that the ALJ failed to discharge his duty to fully develop the record and, if any such failure occurred, that plaintiff suffered any prejudice or unfairness as a result.  See Binion v. Shalala, 13 F.3d 243, 246 (7th Cir. 1994) ("Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand.")  Plaintiff is, therefore, not entitled to summary judgment in her favor with respect to her first and third arguments.

## II.  List of Exhibits for Hearing Decision

Plaintiff also complains that the hearing decision set forth in the administrative record at pages 26-36 does not contain a list of the exhibits entered into evidence.  According to plaintiff, a provision of the agency manual, HALLEX I-2-1-20, "clearly requires that an Exhibit List be appended to the hearing decision" and that "this alone is grounds for remand under the agencies [sic] own regulations."  (Pl.'s Mot. for Summ. J. (Doc. No. 15) at 9.)  Plaintiff admits that she was unable to find a single case, published or unpublished, that supports her contention, although she cites a case that "does appear to conclude that HALLEX does have a place in the administrative decision making."  (Id. (citing Clark v. Astrue, 529 F.3d 1211 (9th Cir. 2008)).)  Plaintiff suggests that the decision in Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1999), which she characterizes as holding that the findings of an ALJ must be specific enough for a reviewing court to conclude the adjudicator legitimately came to a factual or legal conclusion, supports a finding that a hearing decision must have attached to it a copy of the exhibit list that the ALJ relied upon in making his decision.

/////

The court has reviewed the copy of HALLEX I-2-1-20 attached to plaintiff's motion as Exhibit B and is unable to find the alleged requirement that an Exhibit List must be appended to the ALJ's hearing decision. The provision, which is titled "Preparation of Exhibit List" and comes under the heading of "Prehearing Analysis and Case Workup," speaks only of placing such a list "in the claim file." Plaintiff's premise is therefore baseless.

Even if there another provision in the agency manual that actually requires the attachment of an exhibit list to an ALJ's decision, plaintiff's motion for remand due to an alleged failure to attach an exhibit list to the ALJ's decision in this case lacks merit. As recited in the legal standard set forth above, the Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider, 223 F.3d at 973; Morgan, 169 F.3d at 599. Plaintiff's argument concerning an exhibit list does not raise any issue that implicates the quantum and quality of the evidence relied upon or the legal standards applied in the ALJ's decision.

As defendant argues in opposition to plaintiff's motion, the Ninth Circuit has held that errors by an ALJ that do not affect the ultimate disability determination are harmless, and a reviewing court may not reverse and remand an ALJ's decision based on harmless errors. Stout v. Comm'r of Soc. Sec., 454 F.3d 1050, 1055 (9th Cir. 2006) ("We have also affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion."); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

Moreover, the plaintiff in this case was provided with an exhibit list at the administrative hearing, and she had previously received a CD that included an exhibit list that was current as of the date the CD was sent. At the administrative hearing, the ALJ called to plaintiff's attention the section of the exhibit list that contains medical records, noted that the last listed exhibit admitted at that time was 11F, and advised plaintiff that he would hold the record

open so that she could submit more records for consideration. (Tr. at 43-46.) The Court Transcript Index lists Exhibits 1F through 12F as well as 1E through 14E, describes each exhibit, and provides the page numbers of each exhibit. The ALJ's written decision refers to specific exhibits, and those references are specific enough for this court and plaintiff to determine what evidence the ALJ relied upon in making his findings and reaching his conclusions.

For all of these reasons, the court finds that plaintiff is not entitled to reversal and remand on the ground that the copy of the hearing decision in the administrative record does not contain a list of the exhibits entered into evidence.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 15) is denied;

2. Defendant's cross-motion for summary judgment (Doc. No. 17) is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

DATED: March 28, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.socsec\teeters2997.order